IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Dewarron Spivey, | ) | C/A No.: 4:03-2699-RBH |
| | ) | Cr. No.: 4:94-365-002 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal inmate proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2255. The petition was filed on August 18, 2003. The matter is presently before the Court on the Government's motion for summary judgment, filed May 20, 2004. Petitioner has filed no response to the Government's motion. Now, following a careful review of the complete record in this case, the Court grants the Government's motion for summary judgment as to all of Petitioner's claims for relief.

**Factual and Procedural Background**

Petitioner was one of three (3) defendants named in a four (4) count superseding indictment on August 17, 1994. A second superseding indictment was issued as to Petitioner on February 6, 1996. On April 8,1996, Petitioner entered into a plea agreement agreeing to plead guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). In return, the Government dismissed all other pending charges of the indictment. Additionally, the Government agreed to move for a downward departure at the time of Petitioner's sentencing if he provided substantial assistance to the Government.

On October 10, 1996, after a 5k1.1 Motion, Petitioner was sentenced to a term of 270 months

in prison.[1]  On January 28, 1997, the Government filed a Rule 35(b) motion to reduce Petitioner's sentence.  The motion was heard on May 29, 1997, and on July 10, 1997, the motion to reduce Petitioner's sentence was granted and his period of confinement was reduced from 270 months to 200 months.

On August 18, 2003, Petitioner initiated this action.

## Discussion

The§ 2255 Petition presents the following claims: 1) the Government breached its "cooperation agreement in bad faith" by failing to file a second Rule 35(b) motion in his case, claiming that he has provided substantial assistance to the Government; and 2) the Government violated the Petitioner's Sixth Amendment rights.  The Court addresses each of these two claims below.

**Government's Alleged Failure to File a Rule 35(b) Motion**

Petitioner alleges that the Government acted in bad faith and breached the "cooperation agreement" they had with him by failing to file a second Rule 35(b) Motion after he provided substantial assistance.  Petitioner contends that after his first Rule 35(b) Motion was granted and his period of confinement was reduced from 270 months to 200 months Assistant United States Attorney ("AUSA") Bethea told him "that his office was working on [Petitioner's] other information regarding 'Alphonzo Demetrius Lewis,' and that if anything came out of that, and they needed me that they would call me back to South Carolina and that I would receive a further departure by way of another Rule 35(b) motion for my assistance."  (Petitioner's Motion p. 6)  Petitioner alleges that in January

---

[1] Then District Judge Traxler departed from the guideline of 360 months to 270 months based on the Government's 5k1.1 Motion.

of 1998 he was summoned by Federal Writ to South Carolina to testify against Alphonso Lewis.  He

states:

> I agreed to testify after AUSA Alfred Bethea told me that I would receive another Rule
> 35(b) reduction, and after calling my attorney of record Robert Hallman, whom told
> me that he was not aware that I had been brought back to South Carolina to testify but
> that I could go ahead and testify because the government would then give me another
> Rule 35(b) reduction.  I agreed, and did testify against "Alphonso Lewis" sometime
> in March or April of 1998.

(Petitioner's Motion p. 6)  Petitioner alleges that he was then sent back to prison without a Rule 35(b)

Motion being filed on his behalf.

> I immediately contacted my attorney of record Mr. Robert Hallman by written
> communication, and informed him of what AUSA Bethea did to me.  Attorney Robert
> Hallman wrote me back and informed me that he was going to contact AUSA Bethea
> to find out why he did not honor his promise but that he would do so only as a favor
> due to him not being appointed to represent me on the "Lewis" matter, and he no
> longer being my attorney.  Mr. Hallman then wrote me back and told me that AUSA
> Bethea was not responding to his letters or returning his phone calls and that there was
> not much more he can do.

(Petitioner's Motion p. 7)  Petitioner alleges that he then "began a letter writing campaign" to AUSA

Bethea, but he got no response.

Petitioner then alleges that in 2002 he was summoned to South Carolina by Federal Writ, this

time served by Rose Mary Parham.  Petitioner's presence was requested because Mrs. Parham wanted

him to testify against Jeffrey Lee Gore.  Petitioner informed Mrs. Parham of the difficulty he had with

Mr. Bethea not filing a Rule 35(b) motion.  Petitioner alleges that Mrs. Parham "promised me that she

would talk to AUSA Bethea, and have him talk to me personally but that if I helped her with the

'Gore' case, that she would file the Rule 35(b) motion for me."  (Petitioner's Motion p. 7)  Petitioner

alleges that he agreed to testify for Mrs. Parham and that he was "de-briefed and prepared to testify

but right before [his] testimony, Mr. Gore entered a guilty plea, and AUSA Parham did not file any

3

Rule 35(b) motion on [his] behalf."  (Petitioner's Motion p. 7)

Petitioner alleges:

The government has acted in "BAD FAITH" in not honoring their agreement with me, and they have violated my due process rights, by deceiving me into testifying on their behalf against "LEWIS", and deceived me into providing assistance against "GORE" that led to his conviction, under the promise that I would receive a Rule 35(b) motion in both instances.

(Petitioner's Motion p. 8)  Petitioner asks for either specific performance compelling the Government to make a Rule 35(b) Motion or for an evidentiary hearing on these matters.

The Government acknowledges that Petitioner did return to South Carolina in 1998 and testified against Alphonso Demetrius Lewis.  However, AUSA Bethea states that Plaintiff's testimony

was information that he had previously provided to the Government and for which he had received the previous Rule 35(b) motion in part.  Further, at that time, Federal Rule of Criminal Procedure 35(b) was interpreted as not allowing an additional Rule 35(b) motion to be filed more than one year after the date of sentencing.  The Government did not, and could not, promise Mr. Spivey at that time that he would have received a further reduction in his sentence for information that he had previously received credit for and at a time that Rule 35(b) did not allow a sentence reduction more than a year after the date of sentencing.

(Motion for Summary Judgment p. 2)

As to Petitioner's testimony against Jeffrey Lee Gore, the Government agrees that petitioner was writted back to South Carolina for that case.  However, after petitioner was interviewed "a determination was made not to utilize him in connection with the Gore case.  There were more than 50 witnesses against Mr. Gore, and Mr. Spivey provided information that was questionable at best in the opinion of AUSA's Parham and Jendron, who handled the case."  (Motion for Summary Judgment p. 2)  Consequently, the Government asserts that the Petitioner did not provide substantial assistance in connection with the prosecution of Jeffrey Lee Gore.

4

The Government also informs the Court that Petitioner

> provided a false affidavit to John Anthony Filando, which was filed with the Court in connection with one of Mr. Frilando's ongoing habeas petitions, in which Mr. Spivey recanted all of his testimony that he had provided against Mr. Frilando. The Government was required to respond to a habeas petition filed by John Anthony Frilando, in which he provided an affidavit from Mr. Spivey, claiming that Mr. Spivey had provided false information to the Government against John Anthony Frilando.

(Motion for Summary Judgment p. 2)

The Petitioner was sentenced on October 2, 1996. At that time, Federal Rule of Criminal

Procedure 35(b) read:

> The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of anther person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

The language of the Rule makes clear that a Rule 35(b) Motion must be made by the government within one year of the imposition of a sentence. The exception to this is if the defendant provides "information or evidence not known by the defendant until one year or more after imposition of sentence." The Fourth Circuit has made clear that Rule 35(b) is not to be stretched beyond its plain meaning. *See e.g., U.S. v. Carey*, 120 F.3d 509, 512-13 (4th Cir. 1997) ("one-year period may be relaxed when the information was known during the one-year period but that the cooperation *could not have been* provided until more than one year, for whatever reason ") (emphasis in original); and *U.S. v. Martin*, 25 F.3d 211, 216 (4th Cir. 1994) (Rule 35(b) pertains only to *post-sentencing*

cooperation and may *not* be used to reduce sentence for *pre-sentencing* cooperation, holding government's failure to make 5K1.1 motion at *sentencing* a denial of due process).  The Petitioner does not argue that the information he provided was not known to him at the time of his original Rule 35(b) motion.[2]  Consequently, a Rule 35(b) Motion could not have been made by the Government after either the 1998 or the 2002 testimony of Petitioner.

Additionally, the information or evidence provided by a defendant must constitute "substantial assistance."[3]  As noted by the Government, some of the information provided by the Petitioner was questionable, especially considering the fact that he recanted his testimony for the habeas petition of John Anthony Frilando.

**The Government's Alleged Violation of Petitioner's Sixth Amendment Rights**

Petitioner alleges that the Government violated his Sixth Amendment rights by calling him to testify in 1998 and 2002 without having an attorney appointed for him or  informing his prior attorney.  Petitioner argues that these matters should have been docketed with the Court and that he should have had access to an attorney "to protect [his] rights and interest."  (Petitioner's Motion p.

---

[2] Defendant was made aware of the requirement that new information must be given to qualify for a Rule 35(b) motion at his sentencing.  Then District Court Judge Traxler asked the Government if a defendant could have two Rule 35(b) motions made on his behalf.  Mr. Bethea's response was:

> Yes, sir, you can.  As long as there is new information to do it on.  At this point, judge, as you're probably aware, we're kind of getting into the twilight of this case because of the number of defendants that have already either pled guilty or been sentenced.  There is additional investigations which are not directly related to this case, and as Agent Koenig said, the extent to which Mr. Spivey may or may not be able to give us something that will produce additional results down the road is just not known at this time.

(Sentencing Transcript pp. 11-12)

[3] During the Petitioner's plea Mr. Bethea informed the Court of the conditions of the plea agreement.  As part of the agreement he stated:

> If he cooperates pursuant to the terms of this agreement as set forth, and if his cooperation is deemed to qualify as substantial assistance under the United States Sentencing Commission Guidelines, we will make a motion for downward departure or a motion for reduction in sentence pursuant to Rule 35(b).

(Plea Transcript p. 19)

6

9)

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." The Sixth Amendment Right to counsel attaches once formal charges are filed. *Brewer v. Williams*, 430 U.S. 387, 398 (1997) (Sixth Amendment right to counsel is triggered "at . . . the time . . . judicial proceedings [are] initiated"); *Kirby v. Illinois*, 406 U.S. 682, 689 (1972). The right to counsel continues through "the first appeal of right." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). *Accord Massiah v. U.S.*, 377 U.S. 201, 206 (1964); *U.S. v. Kennedy*, 372 F.3d 686, 691-92 (4th Cir. 2004) (right to counsel extends through first appeal); and *Taylor v. Best*, 746 F.2d 220, 222 (4th Cir. 1984) (same). Since Petitioner was well beyond his first appeal of right he was no longer afford the right to assistance of counsel and, therefore, there has been no Sixth Amendment violation.

### Conclusion

After reviewing all of Petitioner's claims separately and as a whole, the Court concludes that Petitioner's allegations are without merit. It is therefore ordered that the Government's Motion for Summary Judgment is **GRANTED**. The Petition under 28 U.S.C. § 2255 is **DISMISSED** and judgment is entered in favor of the Government.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 9, 2005
Florence, South Carolina

7